IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SADOWSKI | ) | CASE NO. 1:10CV1928 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CITY OF GARFIELD HEIGHTS, et al | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Thomas Sadowski filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants City of Garfield Heights, Ohio and the Regional Income Tax Agency ("R.I.T.A."). He alleges that his employer had incorrectly paid most of his City of Garfield Heights income tax to the City of Cleveland, Ohio. He contacted the Finance Director for the City of Garfield Heights and was told to call R.I.T.A. Subsequently, he received a bill from R.I.T.A. Since he had already paid this tax to Cleveland, he decided not to be taxed twice. He eventually received a notice to appear in Garfield Heights Small Claims Court. After a hearing, the Court ruled against him. Although he successfully sued his employer, he asserts that he cannot ignore the horrendous behavior of the authorities. Plaintiff requests damages from Garfield Heights in the amount of $35,000.00 and from R.I.T.A. in the amount of $100,000.00 for civil rights violations and mental and emotional cruelty.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989);

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A municipality cannot be sued under § 1983 solely on the basis that an injury has been inflicted by one or more of its officials. The doctrine of *respondeat superior* does not apply to governmental entities. *Board of County Commissioners of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403 (1997). A governmental entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. The Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir.1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir.1987), *overruled on other grounds by Frantz v. Village of Bradford,* 245 F.3d 869 (6th Cir.2001)). The policy or custom "must be "the moving force" of the constitutional violation in order to establish the liability of a government body under § 1983. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989). Plaintiff has not identified any policy or custom by the City of Garfield Heights involving payment of City taxes.

United States District Courts do not have jurisdiction over challenges to State Court decisions even if those challenges allege that the State Court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in State

Court is barred from seeking what in substance would be appellate review of the State judgment in a United States District Court based on the party's claim that the State judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims as a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Court of Appeals for the Sixth Circuit uses a two-pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in Federal District Court, the issue before the Court must be inextricably intertwined with the claim asserted in the State Court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the State Court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the State Court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in State Court files suit in Federal District Court seeking redress for an injury allegedly caused by the State Court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine bars a District Court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in Plaintiff's particular case rather than a general constitutional challenge to the governing State law. *Id.*; *Tropf*, 289 F.3d at 937.

Plaintiff alleges that City income taxes were wrongfully collected by the City of Garfield Heights and R.I.T.A. However, after a Court hearing, he received an unfavorable verdict. Any relief

3

can only be predicated upon a ruling that the State Court was wrong. This Court would be acting as a Court of Appeals. Exactly what the Rooker-Feldman doctrine prohibits.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:  October 8, 2010                                           **S/Christopher A. Boyko**
                                                                                   JUDGE   CHRISTOPHER   A.   BOYKO
                                                                                   UNITED STATES DISTRICT JUDGE